FRANCIS J. MAHONEY'S CASE. October 28, 1976. Francis J. Mahoney, an employee of W. F. Schrafft & Sons Corporation, was assaulted by two fellow employees on September 24, 1971. Notice and claim under G. L. c. 152 were given to the employer. He was totally disabled from employment from September 25, 1971, through November 28, 1971, as a result of the injuries he received in the assault, and incurred medical expenses. In a criminal action for assault and battery against the two employees, an accord and satisfaction was reached under G. L. c. 276, §§ 55 and 56, while that action was pending in the Superior Court. The amount received by the employee under the accord and satisfaction was $1,500. On a claim pursued by the employee before the Industrial Accident Board the single member and the reviewing board found (con-

trary to the contention of the insurer) that the employee had not made an election, and the reviewing board ruled that payment under the accord and satisfaction did not constitute double recovery. In the Superior Court, however, judgment was entered on April 1, 1975, dismissing with prejudice the employee's claim. There was no error. While the employee's actual damages exceeded the amount which he received under the accord and satisfaction, G. L. c. 152, § 15, does not permit the award of additional workmen's compensation payments. In so concluding we need not decide whether the acknowledgment of satisfaction for injury pursuant to G. L. c. 276, §§ 55 and 56, constitutes an election within the meaning of the former c. 152, § 15, which was applicable to this litigation.[1] As both formerly and presently written, G. L. c. 152, § 15, as amended through St. 1965, c. 487, § 1A, and as amended through St. 1971, c. 941, § 1, provides that "[t]he sum recovered [in an action at law against a third party] shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee." Section 15 creates a statutory subrogation under which payments received from a third party are applied to reimburse the employer's insurer. In the present case the accord and satisfaction settlement exceeded the $705.71 which the employee would receive under G. L. c. 152, §§ 34 and 35A. Thus an award under the Workmen's Compensation Act would have to be repaid to the insurer from the settlement funds. In these circumstances the grant of workmen's compensation benefits would be wholly futile.

*Judgment affirmed.*

*Robert E. Keene* for the employee.
*Salvatore J. Perra* for the insurer.

---

[1] The issue confronting us will not be of concern in future litigation, for the current § 15, enacted shortly after the injury in the present case, allows the employee to recover from either source without election. G. L. c. 152, § 15, as appearing in St. 1971, c. 888, § 1, and amended by St. 1971, c. 941, § 1.

